**UNITED STATES of America, Plaintiff,**

v.

**AMERICAN AIRLINES, INC.,
Defendant.**

**Civ. A. No. 89–363–Mc.**

United States District Court,
D. Massachusetts.

June 22, 1990.

Frank A. Libby, Asst. U.S. Atty., for plaintiff.

John C. Bartenstein, Ropes & Gray, Boston, Mass., for defendant.

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

McNAUGHT, District Judge.

This action arises out of section 901(a)(1) of the Federal Aviation Act of 1958, Title 49 U.S.C.App. § 1471(a)(1). Pursuant to federal aviation regulations, 14 C.F.R. § 108.9(c), all commercial airlines, including defendant American Airlines (American), are required to implement a security program to screen passengers' carry-on luggage for weapons. On June 22, 1987, special agents of the Federal Aviation Administration (FAA) observed twenty-five instances where an individual, with carry-on luggage, was permitted to pass through the security checkpoint at American's preboarding gate 29 for Flight 1027 without the security employee looking at the x-ray monitor. Later that afternoon, the agents passed luggage through the monitor which contained three weapons, a pipe bomb and hand grenade in one bag, and an encapsulated gun in the other.

The United States filed a complaint against American seeking $25,000, $1,000 for each separate and distinct violation of the federal regulations promulgated under section 1471(a). American Airlines asserts that the maximum statutory penalty is $1,000 per violation per day. According to defendant, penalties cannot be aggregated without express Congressional authority to do so.

The statute, in effect as of 1987, provided, in relevant part, that "any person who violates [the statute or regulations issued thereunder] shall be subject to a civil penal-

ty of not to exceed $1,000 for each such violation ... If such violation is a continuing one, each day of such violation shall constitute a separate offense." The statute has since been amended to increase the penalty to $10,000 for each violation but at the time this action commenced, the $1,000 maximum applied.

The federal security regulation involved, 14 C.F.R. § 108.9(c) states:

(c) Except as provided by its approved security program, each certificate holder required to conduct screening under a security program shall use the procedures included, and the facilities and equipment described, in its approved security program for detecting explosives, incendiaries, and deadly or dangerous weapons to inspect *each* person entering a sterile area at each preboarding screening checkpoint in the United States for which it is responsible, and to inspect all accessible property under that person's control (emphasis supplied).

The parties agree that there are no factual disputes at issue. The question to be decided by the Court is strictly whether each failure to inspect luggage to be carried on a single flight on a single day constitutes one violation subject to a maximum penalty of $1,000, or conversely, whether each failure to inspect represents a separate violation, each of which is subject to the $1,000 maximum.

The case law is inconclusive on the matter. Both parties cite *Federal Aviation Administration v. Landy*, 705 F.2d 624 (2d Cir.1983), *cert. denied*, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232, to support their respective positions. *Landy*, according to defendant American, stands for the proposition that penalties arising out of a single flight cannot be aggregated. The United States takes a different view. It points out that *Landy* permits a Court to aggregate penalties for each violation of a federal airlines regulation, even if arising out of one flight.

"The test of whether charges are multiplicious is, in important part, one of legislative intent. Congress should indicate clearly that it contemplated separate vio-

lations, because a determination that separate violations are involved makes it possible to fine cumulatively. The regulatory scheme at issue here clearly states discrete harm. A person who complies with some of the manual requirements, for example, but fails to furnish a copy to the FAA, is subject to a fine for that one discrete violation. It would be anomalous to reward the person who totally ignores the manual requirements by concluding that he, too, is subject to but a single fine when he simultaneously violates several regulations."

*Landy*, 705 F.2d at 636.

Logic compels the conclusion that the government's position is correct. Were the failure to monitor all carry-on luggage and passengers boarding a single flight to constitute only one violation, amounting to a possible maximum fine of $1,000, Congress's intent in promulgating federal safety regulations would be undermined completely. Each failure to inspect carry-on luggage, or an individual passenger, constitutes a discrete event, not a discrete condition. The regulation at issue specifically mandates the inspection of *each* person, and *each* person's carry-on luggage. To hold otherwise would simply not make sense.

American's reliance on *United States v. Texas Int'l, Inc.*, Slip. Op. CA 82–0446–CV–W–5 (W.D.Mo. June 30, 1983), is misplaced. In that case, the Court held that where an x-ray monitor had not been turned on, the "failure to maintain an operating mechanical screening system [was] a single act ..." Here, we are dealing with discrete events, not with a discrete condition. Each time there is no inspection, there is a violation which is complete. I hold, therefore, that each alleged failure to inspect individual passengers and carry-on luggage in 1987, if proven, constitutes a single violation subject to a civil penalty of not to exceed $1,000. The government's motion for partial summary judgment is granted, and American Airline's motion is denied.